UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

S.X.M.,

                Petitioner,

-against-

FEDERAL BUREAU OF PRISONS;
WARDEN OF FCI,

                Respondents.

22 Civ. 10538 (KPF)

**ORDER**

---

KATHERINE POLK FAILLA, United States District Judge:

Petitioner, who refers to himself as "S.X.M.," is a federal prisoner who proceeds *pro se* and *in forma pauperis*, and brings a petition for a writ of *habeas corpus* under 28 U.S.C. § 2241 in which he challenges the Federal Bureau of Prisons's execution of his federal sentence. He seeks his immediate placement into home confinement or supervised release, as well as monetary relief. Petitioner asserts that he is "a cooperating government witness housed in a confidential location as a result of [his] cooperation."[1] (*See* Petition for

---

[1] Petitioner also asserts that:

> In 2014[,] [he] was admitted into a program designed to protect inmates similarly situated. Prior to entering the program[,] [he] was required to enter into a Memorandum of Understanding ("MOU") with the Attorney General of the United States. One of the requirements for admission into this program is that there must be a verifiable, significant threat to the participant's safety. Additionally, the MOU specifically provides that [Petitioner] must, at all times, take all necessary steps to avoid detection by others of the facts concerning [his] protection, including, without limitation, [his] location.
>
> The MOU further provides that the Attorney General may terminate [Petitioner's] protection should [Petitioner] substantially breach the MOU.

(Motion to Seal 1-2 (Dkt. #4)).

Writ of Habeas Corpus 1 (Dkt. #2)). Thus, it appears that Petitioner requests to proceed in this action under the pseudonym "S.X.M." In addition, Petitioner has filed a motion to proceed under seal in this action. (Motion to Seal (Dkt. #4)). For the following reasons, the Court grants Petitioner's request to proceed in this action under the pseudonym "S.X.M.," and grants his motion to proceed under seal in this action.

## DISCUSSION

### A.    Request to Proceed Under a Pseudonym

The Court understands the petition as including a request for Petitioner to proceed in this action under a pseudonym. Rule 10(a) of the Federal Rules of Civil Procedure provides that "[t]he title of [an initial pleading] must name all the parties."[2] Fed. R. Civ. P. 10(a). "This requirement, though seemingly pedestrian, serves the vital purpose of facilitating public scrutiny of judicial proceedings and therefore cannot be set aside lightly." *Sealed Plaintiff* v. *Sealed Defendant*, 537 F.3d 185, 188-89 (2d Cir. 2008). Courts have, however, permitted a party to proceed under a pseudonym in a limited number of circumstances. When a court is deciding whether to permit a party to proceed

---

[2]     The Rules Governing Section 2254 Cases in the United States District Courts ("Section 2254 Rules") apply to *habeas corpus* petitions brought under 28 U.S.C. § 2254, but the Court "may apply any or all of th[o]se rules to a habeas corpus petition not covered by" them, such as a Section 2241 *habeas corpus* petition. Rules 1(a) and (b) of the Section 2254 Rules. Rule 12 of the Section 2254 Rules states that the Federal Rules of Civil Procedure may be applied to a *habeas corpus* proceeding, "to the extent that they are not inconsistent with any statutory provisions or" the Section 2254 Rules. Rule 12 of the Section 2254 Rules.

2

under a pseudonym, the Second Circuit has articulated the following nonexhaustive list of factors that a court should consider:

> (1) whether the litigation involves matters that are highly sensitive and of a personal nature; (2) whether identification poses a risk of retaliatory physical or mental harm to the party seeking to proceed anonymously or even more critically, to innocent non-parties; (3) whether identification presents other harms and the likely severity of those harms, including whether the injury litigated against would be incurred as a result of the disclosure of plaintiff's identity; (4) whether the plaintiff is particularly vulnerable to the possible harms of disclosure, particularly in light of his age; (5) whether the suit is challenging the actions of the government or that of private parties; (6) whether the defendant is prejudiced by allowing the plaintiff to press his claims anonymously, whether the nature of that prejudice (if any) differs at any particular stage of the litigation, and whether any prejudice can be mitigated by the district court; (7) whether the plaintiff's identity has thus far been kept confidential; (8) whether the public's interest in the litigation is furthered by requiring the plaintiff to disclose his identity; (9) whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigants' identities; and (10) whether there are any alternative mechanisms for protecting the confidentiality of the plaintiff.

*Id.* at 189-90 (alterations adopted and ellipses, quotation marks, and citations omitted). "[T]his factor-driven balancing inquiry requires a district court to exercise its discretion in the course of weighing competing interests …." *Id.* at 190. (citation omitted).

Petitioner alleges that he is a cooperating government witness, that there is a significant threat to his safety, and that he has entered into an agreement with the Attorney General of the United States in which the Attorney General has agreed to protect Petitioner and, in exchange for that protection, Petitioner

must take necessary steps to avoid detection. On this basis, the Court grants Petitioner's request to proceed in this action under the pseudonym "S.X.M."

## B.     Motion to proceed under seal

Petitioner also moves to seal all documents previously filed and to be filed in this action. (Motion to Seal (Dkt. #4)). Given the nature of this litigation, the motion is granted. The Clerk of Court is directed to seal all documents previously filed in this action — namely, docket entries 1 through 5. All future filings by Petitioner shall also be sealed pursuant to this Order. If the Court believes there is no reason for a future document to be sealed, it will direct the Clerk of Court to unseal the document at the appropriate time.

## CONCLUSION

The Court construes the petition as including a request for Petitioner to proceed in this action under the pseudonym "S.X.M.," and the Court grants that request. The Court also grants Petitioner's motion to seal as to those submissions Petitioner has already filed in this action, and as to all future filings.

Finally, the Court, having examined the petition in this action, which Petitioner filed pursuant to 28 U.S.C. § 2241, hereby ORDERS that:

The Clerk of Court shall electronically notify the Civil Division of the U.S. Attorney's Office for the Southern District of New York that this order has been issued.

Within 21 days of the date of this order, the U.S. Attorney's Office shall file an answer or other pleading in response to the petition. Petitioner may file reply papers, if any, within 30 days from the date Petitioner is served with Respondent's answer.

The Court directs the Clerk of Court to mail a copy of this order to Petitioner using the identification number and address for Petitioner listed on the first page of the petition (Dkt. #2), but to not reveal that information on the docket.

The Clerk of Court is further directed to terminate the pending motion at docket number 4.

SO ORDERED.

Dated: December 27, 2022
New York, New York

_____
KATHERINE POLK FAILLA
United States District Judge